(5 Misc. Rep. 569.)

## ROULSTON v. ROULSTON.

(Supreme Court, Special Term, St. Lawrence County. November, 1893.)

CLAIMS AGAINST DECEDENT'S ESTATE—REFERENCE.

On the hearing before a referee of a claim for improvements on decedent's land, it appeared that the real claim was on decedent's promise to compensate plaintiff for the improvements if he would surrender possession of the land. *Held,* that a finding in favor of plaintiff could not be sustained, as a referee is restricted to the precise claim presented to the executor.

Plaintiff presented a claim against decedent's estate to defendant, as executor. The claim was disputed, and was referred pursuant to the statute.

R. E. Waterman, for plaintiff.
John C. Keeler, for defendant.

RUSSELL, J. The plaintiff moves to confirm the report of a referee, and the defendant moves to vacate and set aside the same on his exceptions. The claim was referred by stipulation, in proceedings under the statute, to pass upon the demand presented to the executor against the estate of the deceased. The referee finds for the plaintiff for the amount claimed, and two questions now arise as to the propriety of this finding: First. Is the judgment awarded in pursuance of a finding made upon the claim which was actually presented to the executor, and the one which was referred to him to try? Second. Was the claim barred by the statute of limitations?

A finding in favor of the defendant upon either of these questions disposes of the case so far as this motion was presented, and it is unnecessary to consider the other. The reference is a statutory one, designed to afford an expeditious manner of trying claims against the estate of deceased persons, and the referee gets no authority

except in pursuance of the order of the court to try the precise claim which is referred to him. Eldred v. Eames, 115 N. Y. 402, 22 N. E. 216; Townsend v. Insurance Co., 4 Civil Proc. R. 403. There are substantial reasons why he should not go beyond, as upon such claims the party seeking to establish them has the advantage of being able to personally advise counsel and attend to the management of the case, being familiar with the facts upon which the claim rests. The representative of the deceased party has to gather, as best he can, those circumstances which enable him to judge of the materiality of the facts surrounding the claim, and prepare a defense accordingly. He presumably does this upon the claim which is actually presented. In the present case the claim presented to the executor was for improvements upon the Cleghorn farm during a space of four years, building fences, moving buildings, putting in waterworks, and other improvements of a kindred nature, for which the charge was $500, with a charge for interest of $207.12, and a credit of $158. It is nowhere stated in the original claim that those improvements were rendered upon an agreement to pay any specific sum therefor, or that the account was in any manner or way liquidated. Pursuing this claim, therefore, in its orderly method upon the trial, the evidence would be directed to the establishment of a presumed or expressed request for the performance of such services by the deceased owner of the farm, the extent and character of the improvements, and their reasonable value. A different course was taken upon the trial. Scanty allusion was made to the alleged improvements, and no evidence given by claimant as to their value, or of a claim made for their payment prior to the day in 1880 upon which the real claim contested upon the trial arose. That real claim was not for a legal liability in favor of the plaintiff, and against the deceased, for the improvements in question, but for a surrender of the possession of the farm. The referee had a right properly to find that the claimant was in lawful possession of the farm and had a right to its continued possession, and that on the day in question, in the year 1880, at the solicitation of the deceased, the claimant surrendered possession of the farm upon some promise of the deceased. That promise was, according to the evidence, that the claimant should be remunerated for certain improvements, which presumably he had made for bettering his own enjoyment of the premises, more than for the permanent benefit of the farm, and which, of course, he would not retain the enjoyment of in case he surrendered possession. This is a claim directly and unqualifiedly for a promise made to pay for the damage or loss of profit sustained by the claimant in surrendering possession of the farm, and not for moneys which he had laid out for the purpose of enjoying it. The rule should be strictly enforced in such a case for the reasons stated, and also because there is no evidence of any claim made by the claimant to the deceased in his lifetime for this sum, although seven years elapsed from the accruing thereof to the time of death, and also because such evidence as was given of value on the part of the defense shows that the claim for the value of the improvements themselves was a very extravagant one, and

the real, substantial claim was and should be for the surrender of the farm itself. The report is set aside, and a new trial granted, with costs to the defendant to abide the event.